IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ALLEN HUNTER,<br>    Plaintiff, | )<br>)<br>)   C.A. No. 23-282 Erie<br>)<br>v.                                            )   District Judge Susan Paradise Baxter<br>)   Magistrate Judge Richard A. Lanzillo<br>ERIE COUNTY, et al.,                      )<br>    Defendants.                        ) |

## MEMORANDUM ORDER

Plaintiff Ron Alen Hunter, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania, initiated this action on October 4, 2023, by filing a motion to proceed *in forma pauperis* ("ifp motion") [ECF No. 1], along with an attached *pro se* civil rights complaint [ECF No. 1-2]. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

In his original complaint, Plaintiff alleged that a state trooper identified as Christopher Weber used excessive force against him while effectuating an unlawful arrest; however, rather than naming Weber as a Defendant, Plaintiff named two unrelated entities as Defendants: Erie County and the Governor of Pennsylvania. Because Plaintiff's complaint failed to identify a viable Defendant responsible for his alleged injuries, Judge Lanzillo issued an Order on January 2, 2024, requiring Plaintiff to file an amended complaint to correct the noted deficiencies on or before January 22, 2024 [ECF No. 5]. Plaintiff subsequently filed an amended complaint on

January 8, 2024 [ECF No. 6]; however, the same two Defendants were named.[1]

Plaintiff's ifp motion was ultimately granted by Order dated April 15, 2024 [ECF No. 20], and on April 17, 2024, Judge Lanzillo issued a report and recommendation ("R&R") recommending that this action be dismissed as legally frivolous for failure to state a claim upon which relief may be granted, in accordance with 28 U.S.C. § 1915(e). In particular, Judge Lanzillo found that Plaintiff's allegations fail to establish any grounds for supervisory liability against either Defendant or the Governor's direct personal involvement in the complained-of misconduct. No timely objections to the R&R have been filed by Plaintiff.

After *de novo* review of the complaint and documents in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 10th day of May, 2024;

IT IS HEREBY ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued April 17, 2024 [ECF No. 26], is adopted as the opinion of the Court, and this action is DISMISSED as frivolous, pursuant to 28 U.S.C. § 1915(e), based on Plaintiff's failure to state a claim upon which relief may be granted. Since the defects identified by the Chief Magistrate Judge have not been corrected by amendment in compliance with his Order of January 2, 2024 [ECF No. 5], such dismissal is with prejudice.

---

[1] The Court notes that Plaintiff subsequently filed several motions to amend or supplement his complaint [ECF Nos. 8, 12, 13, 14, 17]; however, none of the proposed amendments/supplements sought to add viable Defendants or claims. Specifically, Plaintiff sought leave to: (1) add the State of Pennsylvania as a Defendant based on the same factual allegations in his amended complaint [ECF No. 8]; (2) amend his pleading to include state law negligence and equal protection claims against the Governor [ECF Nos. 12, 14]; and (3) amend his request for relief to include compensatory damages and a pardon from the Governor [ECF Nos. 13, 17].

The Clerk is directed to mark this case "CLOSED."

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge

all parties of record